## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:18-cr-326-01** |
| **-vs-** | **JUDGE DRELL** |
| **DUSTIN O THOMPSON (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### MEMORANDUM ORDER

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Defendant, Dustin O. Thompson ("Thompson"). (Doc. 123). Thompson pleaded guilty to possession with intent to distribute fentanyl (21 U.S.C. §§ 841(a)(1) and (b)(1)(C)) and possession of a firearm in furtherance of drug trafficking (21 U.S.C. § 924(c)(1)(A)) on October 4, 2021. (Doc. 84). He was sentenced on May 3, 2022. (Doc. 109). On May 5, 2022, he filed a notice of appeal. (Doc. 111). The Fifth Circuit affirmed the judgment of the District Court on February 22, 2023 and the Fifth Circuit's mandate was received by the clerk on March 16, 2023. (Doc. 119).

Thompson filed a letter motion for extension of time to file a Section 2255 motion on February 26, 2023 (Doc. 120), which the Court denied. (See Docs. 121 and 122). In denying Thompson's motion for extension of time, he was advised that he had until March 16, 2024 to file a Section 2255 motion. (Doc. 122). Thompson ultimately filed this motion to vacate under 28 U.S.C. § 2255 on September 3, 2024. (Doc. 123).

28 U.S.C. § 2255(f) provides a one-year statute of limitations to file a motion for relief. 28 U.S.C. § 2255(f). This period begins to run at the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

Thompson cites a Fourth Circuit Court of Appeals decision rendered in 2020 as the basis for his requested relief. (Doc. 123); see United States v. Taylor, 979 F.3d 203 (4th Cir. 2020). Taylor was subsequently affirmed by the United States Supreme Court on June 21, 2022. See United States v. Taylor, 596 U.S. 845, 142 S. Ct. 2015 (2022). It is unnecessary to determine whether the Supreme Court ruling in Taylor would impact Thompson's conviction or sentence because his motion was filed more than one year from any potential event listed in 28 U.S.C. § 2255(f) and is thus untimely.

For the reasons set forth above, it is hereby ORDERED that Thompson's motion is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 26 day of November 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT